United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY VALLEY PROFESSIONAL CENTER, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES SCHMIDT; ROBERT SCHMIDT; DOES 1 through V, inclusive,<br><br>    Defendants. | Case No. 5:14-cv-02796 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**ORDER GRANTING APPLICATIONS TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

On June 17, 2014, Robert Schmidt, Daniel Santos, and Mary Santos removed this unlawful detainer action from the Santa Clara County Superior Court for the second time. They all request leave to proceed in forma pauperis. Judge Freeman previously remanded the case, finding that defendants failed to establish federal question jurisdiction and warning them not to seek removal in the future based on a federal defense to their eviction. See *Bay Valley Professional Center,LLC v. Schmidt, et al.*, Case No. 5:14-cv-02067BLF, Dkt. 20. They now assert federal diversity jurisdiction under 28 U.S.C. § 1332. For the reasons stated below, the undersigned grants the IFP applications, but nonetheless recommends that this matter be remanded for lack of federal jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In

evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Here, the financial affidavits submitted to the court indicate that defendants lack sufficient funds to pay the filing fee. Accordingly, the IFP applications are granted. Even so, for the reasons discussed below, this court concludes that defendants have failed to establish any basis for federal jurisdiction.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

As noted above, Judge Freeman previously determined that defendants failed to establish federal question jurisdiction. Indeed, federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

1 Nor does this court find any basis for diversity jurisdiction. Federal district courts have 2 jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of 3 $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. 4 §1332. Defendants assert that plaintiff is headquartered in Nevada and that one of the defendants, 5 James Schmidt, currently lives in Washington state. (Notice of Removal at 2). But, an action may 6 not be removed on the basis of diversity "if *any* of the parties in interest properly joined and 7 served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 8 1441(b)(2) (emphasis added); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) 9 ("It is thus clear that the presence of a local defendant at the time removal is sought bars 10 removal."). Even assuming defendants had shown complete diversity of citizenship, they have not 11 established that the amount in controversy exceeds $75,000—nor is it apparent that they can do so. 12 Unlawful detainer actions involve the right to possession alone, not title to the property. So, the 13 fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment 14 Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); 15 Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 16 (N.D. Cal., July 13, 2012). Here, the complaint indicates that plaintiff seeks damages of $116.67 17 per day from March 15, 2014 and that the amount in controversy is less than $10,000---far less 18 than the $75,000 requirement.

19 There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, there 20 is also no basis for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367. The removal 21 of this case was improper. Moreover, as noted above, this is defendants' second attempt to 22 remove the same action here. Defendants are advised that future unfounded attempts to remove 23 this matter may result in sanctions.

24 Because the parties have yet to consent to the undersigned's jurisdiction, this court 25 ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further 26 RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County 27 Superior Court. Any party may serve and file objections to this Report and Recommendation

3

1  within fourteen days after being served.  Fed. R. Civ. P. 72.

2  **SO ORDERED**.

3  Dated:   June 19, 2014

4  _____
HOWARD R. LLOYD
5  UNITED STATES MAGISTRATE JUDGE

4

5:14-cv-02796-HRL Notice sent by U.S. Mail to:

Todd Rothbard
100 Saratoga Avenue #200
Santa Clara, CA 95051

James M. Schmidt
2260 Maximilian Drive
Campbell, CA 95008

Robert M. Schmidt
2260 Maximilian Drive
Campbell, CA 95008

Daniel Santos
2260 Maximilian Drive
Campbell, CA 95008

Mary Santos
2260 Maximilian Drive
Campbell, CA 95008

5